# First National Bank of Allentown v. Montgomery

*Robin Lehrer*, of *Kline and Kline*, for plaintiff.
*Jack I. Kaufman*, for defendant.

DAVISON, *J.*, January 4, 1979—This case is before the court on plaintiff's motion for summary judgment, pursuant to which the parties filed a stipulation of facts.

The parties have stipulated that on July 14, 1975, the Georgia Farm Bureau Mutual Insurance Company (maker) issued a check in the amount of $658.28, payable through the First National Bank and Trust Company in Macon, to the order of Willie Mincey, Jr. and MIC. Without indorsing it, MIC forwarded the check to Mincey for his indorsement.

Mincey placed his indorsement on the check and endeavored to cash it at one of plaintiff's branches which declined to do so because Mincey was not known to bank personnel. Thereafter, Mincey returned to the bank with his uncle, defendant, and both men were told by plaintiff's branch manager that since defendant was a known depositor, the check would be cashed if defendant added his indorsement. Whereupon, defendant indorsed and plaintiff cashed the check. The funds were turned over to Mincey.

Subsequently, after plaintiff forwarded the check for collection, the maker returned the check to the Macon bank due to the lack of MIC's indorsement. The check was eventually returned to plaintiff. Since the facts are not in dispute, the litigation is ripe for summary judgment.

In order to determine defendant's liability, we must first ascertain the capacity in which he indorsed. Section 3-415(1) of the Uniform Commercial Code (UCC) of April 6, 1953, P.L. 3, as amended, 12A P.S. §3-415, provides that: "An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it." Commentaries on this section indicate that where a person receives no direct benefit from the execution of the paper it is likely he will be regarded as an accommodation party: 2 Anderson on UCC, §3-415:9(2d ed. 1971). Further, it has been held in similar situations where a bank refused to cash a check unless a stranger payee obtained the indorsement of someone known to the bank, that the second indorsement constitutes an accommodation indorsement. See Oak Park Currency Exchange, Inc. v. Maropoulos, 48 Ill. App. 3d 437, 363 N.E. 2d 54 (1977). We

thus conclude, under the facts stipulated, that defendant was an accommodation indorser in that he received no benefit from the negotiation of the paper and that he indorsed the check solely to assist the payee.

Plaintiff's contention that defendant is liable on his indorsement is grounded on UCC §3-417. That section provides, in part, that:

"(1) Any person who obtains payment or acceptance and any prior transferor warrants to a person who in good faith pays or accepts that (a) he has a good title to the instrument or is authorized to obtain payment or acceptance on behalf of one who has a good title; . . . (2) Any person who transfers an instrument and receives consideration warrants to his transferee and if the transfer is by indorsement to any subsequent holder who takes the instrument in good faith that (a) he has a good title to the instrument or is authorized to obtain payment or acceptance on behalf of one who has a good title and the transfer is otherwise rightful;. . ."

However, section 3-417 warranties are not applicable in this case, and they do not apply to accommodation indorsers generally: 2 Anderson on UCC §3-417:7 (2d ed. 1971). Section 3-417(1) sets forth warranties which run only to a party who "pays or accepts" an instrument. The only parties who "pay" an instrument are a payor bank or a maker, and the only parties who "accept" an instrument are a drawee bank or a maker: Oak Park Currency Exchange, Inc., supra; UCC §§3-410, 4-105(b). Here plaintiff is neither payor nor drawee; it is a mere transferee, and thus garners no benefit from section 3-417(1).

Section 3-417(2) creates warranties which run to

all transferees, but these warranties are given only by transferors who receive consideration. The stipulated facts clearly indicate that defendant received no consideration for his indorsement, and, in addition, it has generally been held that an accommodation indorser does not transfer the instrument: Warranties on the Transfer of a Negotiable Instrument—UCC 3-417(2), 17 Stan. L. Rev. 77, 91 (1964); Murray, Accommodation Parties: A Potpourri of Problems, 22 U. Miami L. Rev. 814, 815 (1967-1968).

Plaintiff relies on Judge v. West Philadelphia Title & Trust Co., 68 Pa. Superior Ct. 310 (1917), for the proposition that an indorser in defendant's position is liable to a collecting bank because he is deemed to transfer the instrument on his accommodation indorsement. That case is distinguishable, first, in that it dealt with a forged payee indorsement and specific statutory provisions imposed liability on indorsers in such forgery situations, and second, in that the Negotiable Instruments Law (NIL) of May 16, 1901, P.L. 194, 56 P.S. §1 et seq., on which the Superior Court relied and which imposed warranty liability on all indorsers, is no longer in effect. The warranties which an accommodation indorser gave under the NIL, §§65, 66, now 56 P.S. §§155, 156, were done away with by the UCC. See Murray, Accommodation Parties, supra.

Defendant's liability is, thus, not pursuant to any warranty, but is governed solely by his indorser's contract under section 3-414. That section provides: "(1) Unless the indorsement otherwise specifies. . . every indorser engages that upon dishonor and any necessary notice of dishonor and protest he will pay the instrument. . . to the holder or to any subsequent indorser who takes it up,. . ."

Although plaintiff is not and was not a holder: Phoenix Assurance Co. v. Davis, 126 N.J. Super. 379, 314 A. 2d 615, 621 (1974); Continental Bank and Trust Co. v. Philadelphia National Bank, 92 Montg. Rep. 35 (1969); it is a subsequent indorser. However, to hold defendant under this section it would be necessary to show that the check was "dishonored" and section 3-507(3) specifically provides that the return of an instrument for lack of proper indorsement is *not* dishonor: Continental Bank, supra. The result is the same even if the check in question here is deemed a "payable through" instrument.

Finally, we are constrained to observe that, as between the litigants before us, the equities do not favor plaintiff. While section 3-417 requires only that a collecting bank act in "good faith" in taking up an instrument, and does not require comportment with reasonable commercial standards, it is apparent that a modicum of care on plaintiff's part in noticing MIC's lack of indorsement would have avoided this series of events.

The facts having been stipulated and the law being clear, we are obliged to enter summary judgment, not, however, for the moving party, but rather in favor of the nonmoving defendant. See Allegheny County Port Authority v. Flaherty, 6 Pa. Commonwealth Ct. 135, 145-146, 293 A. 2d 152, 158 (1972); Nelson v. Sidler, 5 D. & C. 3d 349, 353 (1978); 2 Goodrich-Amram 2d §1035(b):6.

## ORDER

Now, January 4, 1979, for the reasons set forth in the foregoing opinion it is ordered that judgment be and it is here entered in favor of defendant.